# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

Nº 19-CV-2464 (RRM) (RER)

———————————

KAREEM NELSON,

Plaintiff,

VS

COMPAS 1542 CORP., D/B/A EXQUISITO DOMINICAN RESTAURANT,
AND VICTOR RODRIGUEZ,

Defendants.

———————————

## REPORT & RECOMMENDATION

September 3, 2020

———————————

**TO THE HONORABLE ROSLYNN R. MAUSKOPF**
**UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

Kareem Nelson ("Plaintiff" or "Nelson") commenced this action against Defendants Compas 1542 Corp., d/b/a Exquisito Dominican Restaurant ("Exquisito"), and Victor Rodriguez ("Rodriguez") (collectively, "Defendants") on April 26, 2019, seeking injunctive relief and attorney's fees and costs pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. Section 12181 *et seq.*, and the ADA Accessibility Guidelines 28 C.F.R. Part 36 ("ADAAG"), and for injunctive relief and damages pursuant to the New York City Human Rights Law ("NYCHRL") and the New York State Human Rights Law ("NYSHRL"). (Dkt. No.1 ("Compl.")).

Defendants have not answered or otherwise responded to the Complaint. Following proper service and entry of default, Plaintiff moved for default judgment on October 7, 2019. (Dkt. Nos. 6, 7, 9, 11). Your Honor has referred this matter to me for a report and recommendation. (Order dated 10/11/2019). For the following reasons, I respectfully recommend that the Court deny Plaintiff's motion for a default judgment and dismiss the case without prejudice.

## BACKGROUND

Plaintiff, a "frequent filer" with over sixty ADA access cases to date,[1] is a resident of Brooklyn and a paraplegic who requires the use of a wheelchair for mobility. (Compl. ¶¶ 4, 5). Plaintiff contends that his injuries qualify him as a disabled person under the ADA. (Compl. ¶ 5); *see* 42 U.S.C. § 12102. Plaintiff alleges that Defendant Exquisito is the lessee and/or operator and the owner of improvements of the property located at 1542 Gates Avenue, Brooklyn, New York 11237 (the "Property"). (Compl. ¶ 7). Plaintiff also asserts that Defendant Rodriguez is the owner, lessor and/or operator of the Property, and maintains and controls the Property. (Compl. ¶ 8). According to Plaintiff, Defendants operate a restaurant at the Property that qualifies as a place of "public accommodation." (Compl. ¶ 8); *see* 42 U.S.C. § 12181(7)(B).

Prior to commencing this action, Plaintiff contends that he visited the Property on an undisclosed date but was denied access due to architectural barriers. (Compl. ¶¶ 9, 23). Specifically, Plaintiff alleges that the Property has an "[i]naccessible entrance"; "[f]ail[s] to provide an accessible route … for navigation by a wheelchair"; "[f]ail[s] to provide an accessible

---

[1] Dkt. Nos. 18-CV-00045, 18-CV-00523, 18-CV-00788, 18-CV-00939, 18-CV-02754, 18-CV-02758, 18-CV-02776, 18-CV-02800, 18-CV-02803, 18-CV-02838, 18-CV-04239, 18-CV-04259, 18-CV-04294, 18-CV-04304, 18-CV-04308, 18-CV-04418, 18-CV-04506, 18-CV-04937, 18-CV-05585, 18-CV-05929, 18-CV-06233, 18-CV-07069, 18-CV-07074, 18-CV-07094, 18-CV-07106, 18-CV-07135, 18-CV-07374, 18-CV-07381, 19-CV-00450, 19-CV-00502, 19-CV-01099, 19-CV-01156, 19-CV-01245, 19-CV-01793, 19-CV-02464, 19-CV-02594, 19-CV-02604, 19-CV-02771, 169-CV-03643, 19-CV-03645, 19-CV-03681, 19-CV-03683, 19-CV-03684, 19-CV-03832, 19-CV-04214, 19-CV-04223, 19-CV-04248, 19-CV-04346, 19-CV-05349, 19-CV-05351, 19-CV-05425, 19-CV-05426, 19-CV-05666, 19-CV-05668, 19-CV-05670, 19-CV-06107, 19-CV-06208, 20-CV-00990, 20-CV-00992, 20-CV-00994, 20-CV-01313, 20-CV-01315.

means of egress … for navigation by a wheelchair"; "[f]ail[s] to provide a ramp for the existing step at the entrance"; "[t]he required minimum maneuvering clearance is not provided at the entrance door"; "[f]ail[s] to provide a compliant change in the floor level within the required maneuvering clearance at the entrance door"; has an "[i]naccessible service counter" and "[i]naccessible dining tables"; and "[f]ail[s] to provide accessible and complaint restrooms." (Compl. ¶ 22). Plaintiff also alleges that he wishes to return to the premises at some undisclosed date in the future but continues to be unable to do so due to the architectural barriers that remain in place. (Compl. ¶¶ 9, 25).

## DISCUSSION

### I.    Noncompliance with Local Civil Rules

Local Civil Rule 7.1(a) clearly provides that "all motions shall include . . . (2) [a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined." This requirement extends to motions for default judgment. *See, e.g.*, *Century Sur. Co. v. Euro-Paul Constr. Corp.*, No. 16-CIV-5133 (MKB) (VMS), 2017 WL 9511076, at *7 (E.D.N.Y. Aug. 21, 2017), *R & R adopted by* No. 16-CV-5133 (MKB) (VMS), 2017 WL 4338790 (E.D.N.Y. Sept. 29, 2017) (recommending plaintiff's motion for default judgment be denied because of deficiencies in plaintiff's pleadings and plaintiff's violation of Local Civil Rule 7.1(a)(2)). Plaintiff has not submitted a memorandum of law in support of his motion for default judgment. (*See* Dkt. Nos. 11–14). While the Court has broad discretion to overlook Plaintiff's failure to comply with the Local Civil Rules, *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001), it should not exercise that discretion here. Plaintiff has been admonished in the past for failing to comply with

this particular requirement of the Local Civil Rules. *See Nelson v. South Brooklyn Provisions, Inc., et al.*, No. 19-CV-4214 (ENV) (JO), Dkt. Entry dated 10/25/2019.

II.     Plaintiff Has Failed to Establish Standing

 "To satisfy constitutional standing requirements, a plaintiff must prove: (1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013). Standing is a jurisdictional prerequisite and thus "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504. U.S. 555, 561 (1992).

To establish standing under the ADA, a complaint must contain "(1) allegations of past injury under the ADA, (2) allegations supporting a reasonable inference of continued discriminatory treatment, and (3) allegations supporting a reasonable inference that a plaintiff plans to return to the subject location." *Feltzin v. Stone Equities, LLC*, No. 16-CV-6457 (SJF) (AKT), 2018 WL 1115135, at *9 (E.D.N.Y. Feb. 8, 2018), *R &R adopted by* 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018). Courts consider the following factors when determining the degree of likelihood a plaintiff will return to a subject property: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Id.* at *11 (quoting *Shariff v. Channel Realty of Queens, LLC*, No. 11-CV-1499 (DLI) (VVP), 2013 WL 5519978 at *3 (E.D.N.Y. Sept. 30, 2013)). Moreover, "the failure to allege intention or desire to return to the place where a plaintiff encountered an ADA violation or merely alleging an intention

to return 'some day' merits dismissal." *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 168 (S.D.N.Y. 2006).

In his submissions, Plaintiff alleges that "[p]rior to the commencement of this action, Plaintiff personally visited the Defendants' Property with the intention of using the Subject Facility; however, Plaintiff was denied full access to, and full enjoyment of the facilities at the Defendants' Property and the Subject Facility, and/or any accommodations offered to the public therein in that Plaintiff was restricted and limited by his disabilities, and therefore suffered an injury in fact." (Compl. ¶ 9). Nowhere in the Complaint does Plaintiff indicate on what date he visited the Property, the dates of his past patronage of the Property, where the Property is in proximity to his place of residence, or the frequency of his travel to or near the Property. Courts in this district have found that conclusory allegations such as those in the Complaint lack specificity and "preclude a reasonable inference that Plaintiff suffered injury under the ADA at any specifically identifiable time in the past." *Stone Equities*, 2018 WL 1115135, at *9; *see also Chamadian v. Tomy B. Haircare, Inc.*, No. 17-CV-06948 (JMA) (ARL), 2019 WL 4917895, *4 (E.D.N.Y. Sept. 20, 2019) (dismissing similar complaint for lack of standing); *Feltzin v. Triangle Properties #1, LLC*, No. 14-CV-5131 (JMA) (ARL), 2016 WL 11599264, at *5-6 (E.D.N.Y. Dec. 15, 2016) (same).

Furthermore, regarding the likelihood of his return, Plaintiff only alleges that he "intends to visit the Defendants' Property and Subject Facility, again in the future (immediately upon the Defendants' compliance with an Order of this Court requiring that Defendants remedy the subject ADA violations) in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Defendant's Property and Subject Facility." (Compl. ¶ 25). Plaintiff's limited submissions here are insufficient to satisfy this Court. *See, e.g.*, *Stone Equities*,

2018 WL 1115135, at *11 (finding plaintiff's assertion that he "(1) 'plans to return to the [p]roperty once the barriers to access are corrected and the facility becomes fully accessible, so that [plaintiff] may avail himself of the goods and services offered to the public at the [p]roperty,' and (2) 'desires to visit the [subject property] not only to avail himself of the goods and services available at the [p]roperty, but to assure himself that this [p]roperty is in compliance with the ADA'" tantamount to an intent to return "some day"); *Castillo v. John Gore Org., Inc.*, No. 19-CV-388 (ARR) (PK), 2019 WL 6033088, at *6 (E.D.N.Y. Nov. 14, 2019).

Because Plaintiff has failed to establish standing to bring an ADA suit seeking injunctive relief based on lack of access to a public accommodation, Plaintiff's complaint does not include a viable federal claim. Therefore, I respectfully recommend that Your Honor dismiss Plaintiff's federal claims, decline to exercise supplemental jurisdiction over the remaining claims, and dismiss this action without prejudice. *See Shariff v. Radamar Meat Corp.*, No. 11-CV-6369 (NGG) (RML) (E.D.N.Y. July 22, 2013), Dkt. No. 15 at 4–5.

## **CONCLUSION**

Because of Plaintiff's insufficient pleadings and failure to file a memorandum of law in violation of Local Civil Rule 7.1(a)(2), I respectfully recommend that Plaintiff's motion for default judgment be denied and this action be dismissed without prejudice. Plaintiff is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Roslynn R. Mauskopf, within fourteen (14) days of receipt hereof. Failure to file timely objections waives the

right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: September 3, 2020
Brooklyn, NY